United States District Court
Southern District of Texas
**ENTERED**
October 22, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFTON WAYNE HARDEN, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. H-20-1261 |
| v. | § | |
| | § | |
| LORIE DAVIS, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed a lawsuit under 42 U.S.C. § 1983 against Texas Department of Criminal Justice ("TDCJ") employees Lorie Davis, Jeffrey Richardson, Cynthia Tatsch, Tracy Hutto, and Jamarcus Goodall (collectively "Defendants"). Defendants filed a motion for summary judgment limited to their affirmative defense of failure to exhaust, and served plaintiff a copy at his address of record on September 7, 2021. (Docket Entry No. 17.) Despite expiration of a reasonable period of time in excess of forty days, plaintiff has not filed a response, and the motion is deemed uncontested.

Having considered the motion, the record, the exhibits, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons shown below.

## I.  BACKGROUND AND CLAIMS

Plaintiff claims that defendants failed to protect him from the risks of COVID-19 during his incarceration at the Estelle Unit, in violation of his Eighth Amendment rights. Specifically, he alleges that they exposed him to COVID-19, failed to test him for COVID-19, and failed to provide him hot water for cleaning and sanitation purposes. Plaintiff sues defendants in their individual and official capacities and seeks compensatory damages and injunctive relief for these allegedly unlawful conditions of confinement. Plaintiff does not claim to have contracted a COVID-19 infection, nor does he state that he is particularly vulnerable to an infection.

Defendants argue that plaintiff failed to exhaust available administrative remedies prior to filing this lawsuit, and that his claims should be dismissed as unexhausted.

## II.  ANALYSIS

It is well established that a prisoner who wishes to file a section 1983 lawsuit for damages against prison officers or employees must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  Section 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

To exhaust a claim properly, a prisoner must not only pursue all available avenues of relief, but must also comply with all administrative remedies and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89–95 (2006). If a claim is not properly exhausted prior to the filing of the section 1983 complaint, it must be dismissed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (per curiam).

TDCJ grievance procedures require that inmates complete a two-step grievance process before their claim is considered exhausted. *Rosa v. Littles*, 336 F. App'x 424, 428 (5th Cir. 2009); *Johnson*, 385 F.3d at 515. Inmates must first file a step 1 grievance within fifteen days of the alleged incident. *Rosa*, 336 F. App'x at 428. They may then appeal an adverse step 1 grievance decision by filing a step 2 grievance. *Id.* Both steps of the administrative grievance process must be properly completed to properly exhaust TDCJ's administrative remedies. *See Johnson*, 385 F.3d at 515; *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2004). The Fifth Circuit takes a "strict approach" to the exhaustion requirement, *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), and substantial compliance with the prison grievance process will not suffice. *See Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) ("Under our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion. . . .").

Defendants argue that plaintiff failed to exhaust properly and completely his available administrative remedies through the TDCJ grievance system. Specifically, they contend that he filed only a step 1 grievance, and it was returned to him unprocessed as improperly filed.

3

The defendants' summary judgment evidence shows that plaintiff's step 1 grievance, filed on April 3, 2020, was returned unprocessed by grievance officials as the grievance was a copy and not an original.  (Docket Entry No. 17, Exhibit A.)  Plaintiff did not resubmit a compliant step 1 grievance and did not file a step 2 grievance.  He filed the pending lawsuit no earlier than April 7, 2020, four days after submitting his step 1 grievance to prison officers.  Plaintiff does not allege that the TDCJ grievance process was "unavailable."  Thus, plaintiff did not exhaust available administrative grievance procedures prior to filing this lawsuit.

The undersigned district judge has long faulted the TDCJ for its slow and, at times, inadequate responses to the COVID-19 pandemic and its failure to provide safe and hygienic conditions of confinement for prisoners placed under its care.  The undersigned has likewise long disagreed with prison policies and court precedent requiring prisoners to exhaust the incredibly time-consuming TDCJ administrative grievance process prior to challenging unsafe conditions of confinement during the fast-moving COVID-19 pandemic.   Nevertheless, current Fifth Circuit Court of Appeals precedent requires prisoners to fully exhaust available administrative grievance procedures prior to challenging their unsafe conditions of confinement regarding COVID-19. *See Valentine v. Collier*, 978 F.3d 154, 161–162 (5th Cir. 2020).  Although failure to exhaust is an affirmative defense that can be waived, defendants in this instance have not waived the defense. *See, e.g., Herschberger v. Lumpkin*, 843 F. App'x 587, 590 (5th Cir. 2021) (emphasizing that "the failure to exhaust administrative

4

remedies is an affirmative defense and must generally be pled by defendants in order to serve as the basis for dismissal").

The uncontested probative summary judgment evidence establishes that plaintiff failed to exhaust available administrative grievance procedures prior to filing the instant lawsuit. Accordingly, defendants are entitled to summary judgment dismissal of this case predicated on failure to exhaust.

## III.  CONCLUSION

Defendants' motion for summary judgment (Docket Entry No. 17) is **GRANTED**, and this lawsuit is **DISMISSED WITHOUT PREJUDICE**.  Any and all pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the ____ day of October, 2021.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE